```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION

DAVID SMITH AND MICHELLE SMITH,  §
                                 §
           Plaintiffs,           §
                                 §
VS.                              §   CIVIL ACTION H-13-2578
                                 §
US BANK, NATIONAL ASSOCIATION,   §
                                 §
           Defendant.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause to recover real property are Defendant US Bank, National Association's limited objection (#18) to the Magistrate Judge's Memorandum and Recommendation (#17), which was filed on July 23, 2014, and Plaintiffs David Smith and Michelle Smith's Notice of Dismissal of US Bank, National Association (#19), which was filed on August 7, 2014.

Claiming that the Magistrate Judge's analysis and findings are well founded and should be granted by the Court, Defendant requests the Court to correct the standard of review cited in the Memorandum and Recommendation from that of a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings to a 12(b)(6) standard because its motion to dismiss (#5) was filed under Rule 12(b)(6).[1] Since the standard of review for evaluating a Rule 12(c) motion is

---

[1] Defendant concedes the Fifth Circuit has held that a court should apply the same standard and analysis for a Rule 12(c) motion as for a Rule 12(b)(60 motion. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

the same as that for a Rule 12(b)(6) motion[2] and because the Court agrees that Defendant's motion was filed pursuant to Rule 12(b)(6), it grants the motion.

Plaintiffs' Notice of Dismissal of Defendant contends that a defendant may be voluntarily dismissed by a Plaintiff upon the filing of a Notice of Dismissal if the defendant has not yet answered or filed a motion for summary judgment. Fed. R. Civ. P. 41(a)(2). While Rule 41(a)(2) does so state, a plaintiff's voluntary dismissal should not be granted if "'the non-moving party will suffer some plain legal prejudice.'" *Harris v. Devon Energy Production Co., LP*, 500 Fed. Appx. 267, 268 (5th Cir. Dec. 7, 2012), *citing Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case." *Id.* Here Defendant filed a motion to dismiss on September 10, 2013, and the Magistrate issued a Memorandum and Recommendation recommending dismissal of the case because all Plaintiffs' claims are barred by the four-year statute of limitations. Thus the Court finds that Defendant would be legally prejudiced by a voluntary dismissal of this action without prejudice, as sought by Plaintiffs' Notice.

Accordingly, for the reasons stated above, the Court

---

[2] *See, e.g., Bryant v. Military Department of Miss.,* 597 F.3d 678, 684 n.2 (5th Cir. 2010).

ORDERS that Defendant's limited objection (#18) to the Magistrate Judge's Memorandum and Recommendation is sustained and Plaintiffs' request for voluntary dismiss without prejudice (#19) is DENIED.

**SIGNED** at Houston, Texas, this  14th  day of  August , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE